UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Cheryl J. Jones,<br><br>      Plaintiff,<br><br>v.<br><br>Vernon D. Beatty; Brenda Lyles; Chief FNU Fischer; Dist. 7 Schools; Tyrone Gilmore; Dr. Audrey Grant; Joyce Lipscomb; City/County of Sptbg.; Mayor B. Barnet; Shevelle Porter, Weed Seed Board of Dir.; Governor Sanford; Lt. Gov. Bauer; US HUD; Sptbg. Housing Authority; OCR-Atl.; Sen. Glenn Reese; US Bob Inglis; Cop-Police Program; Save the Children Intern; Great Prev. Prog. Director; Americorp VISTA/Foster Grandpart.; Butch James Greer; Greg Tolbert; Cheryl Harleston; Park & Recreation; Dale Wells; Present Community Rel. Chp.; Interim Dir. Jeter; Mary Jeter, (wife); Benjamin Wright; Paula Wiggs; Staff/Board of Directors STTA; Mary Thomas; Sptbg County Foundation; Christine Oglesby; Rev. Ben Snoddy,<br><br>      Defendants.<br>_____ | C/A:7:09-00535-HMH-WMC<br><br>**REPORT<br>AND<br>RECOMMENDATION** |

  Cheryl J. Jones (Plaintiff) files this civil action *pro se* and pursuant to 28 U.S.C. § 1915. Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir.).

  This Court is required to liberally construe *pro se* documents, *Erikson v. Pardus,* 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent

standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

This complaint has been filed pursuant to 28 U.S.C. § 1915 which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i), (ii). Under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts

alleged are clearly baseless. *Id.* at 32. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

## DISCUSSION

The United States Supreme Court discussed pleading requirements in two fairly recent cases. In *Erickson v. Pardus*, 551 U.S. 89 (2007), the Supreme Court emphasized that:

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court stated that a complaint requires pleading "enough facts to state a claim to relief that is plausible on its face." *Twombly* further instructed "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (citation omitted). A careful review of the complaint in this case reveals that Plaintiff has not plead any allegations against the defendants of claims cognizable in this Court. *See Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *see also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 397 (4th Cir. 1990) (upholding district court's dismissal of defendants where no allegations were made against them or suggested that defendants "played any part in the alleged violation").

The hand written complaint itself consists of four pages. Plaintiff has attached twenty-five pages to the complaint that consists of various documents including, but not limited to, Plaintiff's biographical sketch, letters she has written to and received from others, and some hand written notes. The narrative portion of the complaint, which is largely incoherent, follows verbatim:

> This case originates from the state of SC. I, the plaintiff; a state notary supposedly newly elected state board of directors of Dept. of Social Service have been "caught up" in the snarkistic plan of retreat by the follow plaintiffs as the await the charges of Vernon D. Beatty Area Mgr. (former & Fiscal to be filed for the decades of illegal programming as fiscaligent for the Spartanburg Terrace Tenants Assoc since 1983.
> In addition the Dist 7 school board of directors Gilmore, middle, white-suprintendent have scandilized my reputation and now I'm mentally challenged with osteoartihis. Ideally in working with community under US Dept Housing in Urban Develop, the Americops Save the Children, internal and know nowing that have not received my appointment for the uncontested seat which was voted and approved by the Sptbg. County legislation - but rescinded by Gov Sanford. We tried to make a vital difference in the productive development of youth and families of the community. Please read the other paper - I about to pass out due to hear voices and hear noies I @ to have go before I pass out - I can to you because I am afraid for my life someone has been followed to do something fatal to me - I didn't attend DMH for fear been do The magnitude and the number of agencys involved it is mesmermize that I can go back hom w/product.

(Docket Entry # 1-14, pages 2-3.)

Additionally, in what appears to be a post script, Plaintiff states that she attempted to pursue a case in Magistrate's court against the South Carolina school district and the City of Spartanburg to no avail. She states that as of March 3, she is going into hiding for fear that someone will kill her. (Docket Entry # 1-14, page 3.) On a separate page with indecipherable notes about cases, plaintiff writes, "[a] civil Rights Claim of violation filed under 42 U.S.C. Section 1983 and 1985." (Docket Entry # 1-14, page 4.) Attached to the complaint is a document titled "Program Components for the 21st Century Grant," and at

the bottom of this document is the hand written note, "request for punitive damages: $16.5 million from the total of them all." (Docket Entry #1-11, page 2.)

It is impossible to glean from this complaint any facts or allegations relating to a constitutional violation by the named defendants. Mere recitation of references to federal statutes and a request for damages is insufficient to state a claim in this Court. Plaintiff has failed to plead how her civil rights have been violated, or by whom. Because Plaintiff has failed to plead enough facts to state a claim to relief or to give the defendants fair notice of what the claim is and the grounds for it, this case should be dismissed.

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the complaint in the above captioned case *without prejudice* and without issuance and service of process.

s/William M. Catoe
United States Magistrate Judge

March 10, 2009
Greenville, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).